IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|                              |     |                                |
|------------------------------|-----|--------------------------------|
| IAN McDONALD,                | *   |                                |
| Petitioner,                  | *   |                                |
|                              | *   |                                |
| v.                           | *   | CRIMINAL NO.: WDQ-05-0146      |
|                              | *   | CIVIL NO.: WDQ 08-2091         |
| UNITED STATES OF AMERICA,    | *   |                                |
| Respondent.                  | *   |                                |
|                              | *   |                                |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Pending is Ian McDonald's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The Court has determined that no evidentiary hearing is necessary.  *See* Rule 8 of the Rules Governing § 2255 Proceedings.  For the following reasons, McDonald's motion will be denied.

I.   Background

On October 26, 2005, a jury found McDonald guilty of (1) possession of a firearm or ammunition by a convicted felon[1]; (2) possession with intent to distribute cocaine base[2]; and (3) possession of a firearm in furtherance of a drug trafficking crime.[3]  Docket No. 41.  On January 5, 2006, McDonald was

_____

[1] 18 U.S.C. § 922(g)(1).

[2] 21 U.S.C. § 841(a)(1).

[3] 18 U.S.C. § 924(c).

sentenced--as a career offender--to 240 months imprisonment.[4]
Paper No. 44.  McDonald appealed and on January 4, 2007, the
Fourth Circuit affirmed.  Docket No. 57.  On May 1, 2008,
McDonald filed this motion to vacate, set aside, or correct his
sentence.  Docket No. 61.

## II.  Analysis

McDonald argues that his sentence should be vacated
because his trial counsel (1) did not advise him on the law, (2)
compelled him to testify, and (3) did not object to the
prosecutor's closing argument in which he referenced McDonald's
failure to testify.[5]

### A.   Standard of Review

The Sixth Amendment guarantees the effective assistance of
counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To
prove ineffective assistance of counsel, McDonald must show that:
(1) counsel's deficient performance (2) prejudiced his defense.
*Id.* at 687.  McDonald must establish that counsel made errors so
serious that "counsel's representation fell below an objective
standard of reasonableness."  *Id.* at 688.  McDonald must also
demonstrate a "reasonable probability that, but for counsel's

---

[4] McDonald was sentenced to 120 months for Count I, and 60
months each for Counts II and III, all running consecutively.
Paper No. 44.

[5] The Government argues that McDonald waived his arguments
because he did not raise them on direct appeal.  The Court will
address the merits of McDonald's claims.

unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances. *Id.* at 688. This scrutiny is highly deferential. *Id.* at 689.

B. Counsel Failed to Explain the Law

At trial, McDonald testified that he planned to distribute portions of crack to others with whom he had pooled money to purchase the crack. Trial Tr. 353. McDonald asserts that counsel was ineffective because he did not explain to him the elements of possession with intent to distribute, resulting in McDonald's admission to the distribution aspect. The Government responds that McDonald had previously been convicted of possession with intent to distribute--in which he was represented by the same counsel--and he knew the elements of the crime.

McDonald has sworn that he did not know the meaning of the "distribution" element of the offense, and that counsel never advised him of the crime's elements. Ian McDonald Aff. ¶¶ 2-3. McDonald's trial counsel, Howard Cardin, has stated--and argued in his opening statement--that McDonald's defense was that he possessed the crack for personal use, not to distribute. Howard Cardin Aff. at 3; Trial Tr. 148-51. Before McDonald admitted to pooling money with friends to buy the crack, Cardin had questioned him on his drug habit, dating back to high school. Trial Tr. 347-53. This line of questioning clearly was intended

to support the personal use defense.  Cardin has stated that he was surprised when McDonald revealed during his testimony that he and his friends had pooled money to buy crack for distribution. Cardin Aff. at 3.

In *Clozza v. Murray*, a criminal defendant told his attorney that he was drunk during the commission of the crime, but on cross-examination revealed that he was sober.  913 F.2d 1092, 1101 (4th Cir. 1990).  The Fourth Circuit rejected the ineffective assistance claim, reasoning that if "indeed it was the truth that he was sober, no amount of preparation would have changed the answer."  *Id.*

Similarly, McDonald's defense was that he possessed the crack for personal use, not to distribute.  Cardin Aff. at 2-3. McDonald argues that Cardin did not understand--or advise him-- that distribution requires only a transfer of the drug, not a sale.  However, there is no evidence that Cardin misunderstood the law, thought a sale was required, and argued merely that McDonald was not *selling* crack.  Rather, Cardin states--and the trial transcript corroborates--that McDonald's defense was that he was using the crack only for himself.  Cardin Aff. at 2-3; Trial Tr. 148-51 (Cardin's opening argument), 347-53 (Cardin's direct examination of McDonald), 399-410 (Cardin's closing argument).  Also, it does not appear--nor has McDonald alleged-- that Cardin knew before McDonald testified that he had pooled

4

money.[6]  As a result, Cardin was not ineffective for failing to tell McDonald that only a transfer--not a sale--is necessary to satisfy the distribution element, when Cardin had no idea that McDonald would volunteer testimony about distributing the crack. *See Allen v. Woodford*, 395 F.3d 979, 1000 (9th Cir. 2005) (counsel's decision to have defendant testify was not deficient in part because "counsel could not have predicted just how damaging" the defendant's testimony would be).

Further, McDonald has not argued--much less proven--that he would not have been convicted but for his testimony.  He has not addressed the strength of the Government's evidence, including two prior convictions for the same crime, and police officers' testimony that they recovered crack, a large sum of money, and plastic baggies from him, and a gun from the front seat of his car.  Trial Tr. 171-181, 334.  This fails under *Strickland*'s second prong.

C.   Counsel Compelled McDonald to Testify

McDonald argues that Cardin compelled him to testify in his defense by advising that the evidence against him--notably, prior crimes--was strong.  McDonald asserts that Cardin told him that he needed to testify to rebut his two prior possession with intent to distribute convictions because they were prejudicial.

---

[6] McDonald volunteered that "we put together and got something, so we was all just smoking" in response to Cardin's asking him how much crack he was using on a particular date. Trial Tr. 353.

The Government responds that Cardin advised McDonald of his right to testify--or not testify--in open court.  *See* Trial Tr. 333-35.

McDonald states that Cardin told him he "would have to take the stand . . . to combat the prejudicial effect of the 404(b) evidence," and he "was compelled by Mr. Cardin to take the stand."  McDonald Aff. ¶¶ 5, 7.  Cardin states that he never told McDonald he *had* to testify; rather, he told McDonald that the personal use defense would be difficult in the face of the Rule 404(b) evidence if he did not testify.  Cardin Aff. at 4.

Cardin advised McDonald during trial that he had the right to testify, and if he did not testify, the jury could not infer guilt from his silence.  Trial Tr. 333-35.  A claim that counsel forced a defendant to testify must satisfy the two-prong *Strickland* test.  *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998).  Defense counsel's advice on whether a criminal defendant should testify is "a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002) (*quoting Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983)). Counsel's strong advice to a defendant to testify does not amount to forcing him.  *Id.* at 252 n.11; *see also United States v. Teague*, 953 F.2d 1525, 1533 (11th Cir. 1992) (counsel should "advise the client in the strongest possible terms" on whether he should testify).

Weakening McDonald's claim is his failure to allege that he did not want to testify.  *See Sexton*, 163 F.3d at 882-83. McDonald was advised that he had the right to testify or remain silent, and he did not express any reluctance about Cardin's advice for him to testify.  Trial Tr. 335; *see Carter*, 283 F.3d at 253 (defendant's indifference to testifying precludes ineffective assistance claim).  The Court will not second guess Cardin's advice to McDonald to testify.  *Id.* at 249.

D.   Counsel Failed to Object to the Government's Closing Argument

In closing argument, the Assistant U.S. Attorney stated that he "was absolutely shocked" that McDonald testified but said nothing about possessing the gun.  Trial Tr. 388.  He stated that he was shocked that McDonald did not testify that he did not know about the gun, or that it was someone else's gun, and the other evidence "sp[oke] volumes" about McDonald's guilt.  *Id.* at 388-89.  Cardin did not object.  McDonald argues that counsel was ineffective because he did not object.  The Government counters that Cardin's usual trial strategy is not to object during closing arguments, and if he had, the Court would have overruled it because the prosecutor fairly commenting on the evidence.

Courts are "highly deferential" when scrutinizing attorneys' trial tactics.  *Strickland*, 466 U.S. at 689; *McCarver v. Lee*, 221 F.3d 583, 594 (4th Cir. 2000).  The Fourth Circuit has noted that "refraining from objecting [during closing argument] to avoid

irritating the jury is a standard trial tactic." *Bennett v. Angelone*, 92 F.3d 1336, 1349 (4th Cir. 1996).[7]  These tactical decisions do not give rise to claims for ineffective counsel. *Evans v. Thompson*, 881 F.2d 117, 125 (4th Cir. 1989).

For example, in *Ivey v. Catoe*, the prosecutor stated in closing that the defendant committed the crime of his own free will, and there was "no testimony to the contrary."  No. 01-11, 2002 WL 459004, at *7 (4th Cir. Mar. 26, 2002).  Defense counsel did not object; he later testified that it was his strategy to minimize objections because it draws attention to the issue.  *Id.* at *8 n.10.  The court held that the prosecutor's comment was not improper, and also that counsel has discretion in trial strategy and was not ineffective for failing to object.  *Id.*  Even if the comment was improper, the court noted, it did not deny the defendant due process because "[a]ny possibility of undue prejudice was minimized by [a pre-comment instruction regarding burden of proof] and the instruction given . . . that the jury should not draw any inference from [the defendant's] failure to testify."  *Id.*

Cardin did not object "because it is not [his] practice to object very often during a prosecutor's closing argument because

---

[7] *See also Hunt v. Smith*, 856 F. Supp. 251, 258 (D. Md. 1994) ("Deciding whether to interrupt an opponent's closing argument is a tactical decision, for . . . it might well draw unwarranted attention to the comment, which is often better left to sit unnoticed."); *Arigbede v. United States*, 732 F. Supp. 615, 621 (D. Md. 1990).

[he] believe[s] that it can be counter to the client's interests." Cardin Aff. at 4-5.  His strategic decision was not improper.  McDonald also has not shown prejudice; he merely speculates that the prosecutor's comment affected the verdict. He does not address (1) the strength of the evidence against him,[8] or (2) the Court's instructions to the jury that the Government always had the burden of proof and McDonald was not required to testify.[9]

Further, the prosecutor's comments were not prosecutorial misconduct.  A prosecutor's remarks are misconduct when the remarks (1) were improper, and (2) "prejudicially affected [the defendant's] substantial rights so as to deprive [him] of a fair trial." *United States v. Nwankwo*, 2 F. Supp. 2d 765, 769 (D. Md. 1998) (*quoting United States v. Adam*, 70 F.3d 776, 780 (4th Cir. 1995)); *United States v. Jones*, 471 F.3d 535, 542 (4th Cir. 2006).  To determine if the remarks deprived McDonald of his right to a fair trial, the Court considers (1) the degree to which the remarks had a tendency to mislead the jury and prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) the strength of the evidence against the

---

[8] The Government presented Rule 404(b) evidence of McDonald's prior convictions for possession with intent to distribute, and the seizure of crack and a firearm from McDonald. As discussed above, McDonald admitted during his testimony that he intended to share the crack with his friends.

[9] Trial Tr. 426-27, 433.

defendant; (4) whether the comments were deliberately stated to divert the jury's attention; (5) whether the remarks were prompted by improper conduct of defense counsel; and (6) whether the jury was given curative instructions. *Jones*, 471 F.3d at 542 n.2; *Nwankwo*, 2 F. Supp. 2d at 769-70.

Assuming the prosecutor's comments were improper,[10] McDonald has not shown that he was prejudiced.  The comments were only once during closing argument, there is no indication that they were said deliberately, the Court instructed the jury on the burden of proof and that McDonald was not required to testify, and there was substantial evidence against McDonald.[11]  *Id.* at 770.  McDonald has not addressed these factors weighing against him; he has not shown prosecutorial misconduct.

III. Conclusion

For the reasons discussed above, McDonald's motion to set aside or vacate his sentence will be denied.


January 26, 2009                         _____/s/_____
Date                                     William D. Quarles, Jr.
                                         United States District Judge

---

[10] "The Fifth Amendment precludes a prosecutor from commenting to a jury on the failure of an accused to testify in his own defense." *Jones*, 471 F.3d at 542 (*quoting United States v. Ollivierre*, 378 F.3d 412, 419 (4th Cir. 2004)); *see Griffin v. California*, 380 U.S. 609, 613-14 (1965).  Here, McDonald testified in his defense.

[11] *See supra* note 8.