IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| IAN McDONALD, | * |
| Petitioner, | * |
| v. | * CRIMINAL NO.: WDQ-05-0146 |
|  | * CIVIL NO.: WDQ 08-2091 |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending are Ian McDonald's *pro se* motions for (1) reconsideration[1] of the denial of his 28 U.S.C. § 2255 motion, (2) a certificate of appealability, and (3) leave to appeal in forma pauperis.  For the following reasons, McDonald's motion to file a belated motion for reconsideration will be granted, and his motions for reconsideration, for a certificate of appealability, and to appeal in forma pauperis will be denied.

I.   Background

On October 26, 2005, a jury found McDonald guilty of (1) possession of a firearm by a convicted felon[2]; (2) possession

---

[1] The Federal Rules of Civil Procedure do not recognize a motion for reconsideration.  *Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008).  As noted below, a party may move for a new trial or to alter or amend a judgment under Rule 59, or for relief from a judgment or order under Rule 60.

[2] In violation of 18 U.S.C. § 922(g)(1).

1

with intent to distribute cocaine base[3]; and (3) possession of a firearm in furtherance of a drug trafficking crime.[4]  Paper No. 41.  On January 5, 2006, McDonald was sentenced as a career offender to 240 months imprisonment.[5]  Paper No. 44.  McDonald appealed, and on January 4, 2007, the Fourth Circuit affirmed.  Paper No. 57.  McDonald moved under § 2255 to vacate his sentence, which the Court denied on January 26, 2009.  Paper No. 74.

On February 12, 2009, McDonald moved for reconsideration of the Court's order denying his § 2255 motion.  Paper No. 76.  On February 27, 2009, McDonald moved for a certificate of appealability.  Paper No. 78.  On March 17, 2009, McDonald sought leave to appeal in forma pauperis.  Paper No. 81.

II. Analysis

    A.   Leave to File a Belated Motion for Reconsideration

The Court denied McDonald's § 2255 motion on January 26, 2009.  Paper No. 74.  On February 12, 2009, McDonald sought leave to file a belated motion for reconsideration, and argued that he had not received the denial until February 2, 2009.[6]  Paper No.

---

[3] In violation of 21 U.S.C. § 841(a)(1).

[4] In violation of 18 U.S.C. § 924(c).

[5] McDonald was sentenced to 120 months for Count I, and concurrent 60 month terms for Counts II and III, consecutive to Count I.  Paper No. 44.

[6] McDonald attributed the delay to processing time at his place of incarceration.  Paper No. 75.


75.  The Court will consider his motion timely.

   B.   Motion for Reconsideration

   A motion to alter or amend a judgment filed within 10 days of the judgment[7] is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls.  *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).[8]  As noted above, the Court considers McDonald's motion timely; Rule 59(e) applies.

   Under Rule 59(e), a court may grant a motion to alter or amend the judgment to: 1) accommodate an intervening change in controlling law; 2) account for new evidence previously unavailable; or 3) correct a clear error of law or prevent manifest injustice.  *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008).  Rule 59(e) may not be used to reargue points that could have been made before judgment was entered.  *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2617 n.5 (2008); *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

---

[7] A "judgment" is "a decree and any order from which an appeal lies"; it includes final judgments and appealable interlocutory orders.  *Auto Servs. Co.*, 537 F.3d at 856 (*quoting* FED. R. CIV. P. 54(a)).  Rules 59(e) and 60(b) govern motions to reconsider § 2255 orders.  *United States v. Gargano*, 826 F.2d 610, 611 (7th Cir. 1987), *overruled on other grounds as stated in United States v. Powers*, 168 F.3d 943 (7th Cir. 1999); *Rendon-Marin v. United States*, 245 F.R.D. 614, 614 (N.D. Ohio 2007).  The Court's denial of McDonald's § 2255 motion was a final judgment.  *See* Paper No. 74.

[8] *Accord Morke v. Garraghty*, No. 00-6206, 2000 WL 1005233, at *1 (4th Cir. July 20, 2000) (per curiam).

Mere disagreement with the court's decision will not result in granting a Rule 59(e) motion.  *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).  Indeed, when "a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."  *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002); *see Erskine v. Bd. of Educ.*, 207 F. Supp. 2d 407, 408 (D. Md. 2002).

McDonald argues that trial counsel (1) did not know the law, and lied in his affidavit, (2) compelled him to testify, and (3) failed to object during closing argument.  McDonald raised these grounds in his § 2255 motion and has not presented new law or evidence.  Thus, the Court will deny the motion.

    C.   Certificate of Appealability

McDonald seeks a certificate of appealability to appeal the denial of his initial § 2255 motion.  "A certificate of appealability will not issue absent 'a substantial showing of the denial of a constitutional right.'" *Williams v. Smith*, No. 08-6154, 2009 WL 33569, at *1 (4th Cir. Jan. 7, 2009); 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the assessment of the constitutional claims by the district court is "debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Williams*, 2009 WL 33569, at *1.

McDonald merely repeats his arguments from his § 2255

4

motion, and does not discuss the Court's rationale.[9]  He has not shown that the Court's decision was debatable or wrong; thus, his motion will be denied.

    D.   In Forma Pauperis

McDonald also seeks leave to file his appeal in forma pauperis.  Because the Court will deny his motion for a certificate of appealability, this motion is moot and will be denied.

III. Conclusion

For the reasons discussed above, McDonald's motion to file a belated motion for reconsideration will be granted, and his motions for reconsideration, for a certificate of appealability, and to appeal in forma pauperis will be denied.


<u>April 30, 2009</u>                         <u>     /s/               </u>
Date                                    William D. Quarles, Jr.
                                          United States District Judge

---

[9] McDonald again argues that his trial counsel did not know the law, and "compelled" him to testify.  Paper No. 78 at 2.  He also argues that counsel did not object during closing argument. *Id.*