IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA   *

v.                         *

                                  CRIMINAL NO.:  WDQ-05-0146

IAN MCDONALD               *

* * * * * * * * * * * * *

MEMORANDUM OPINION

Ian McDonald was convicted by a jury of drug and firearm offenses. Under an earlier change in cocaine base ("crack") sentencing guidelines, his sentence was reduced to 188 months imprisonment. Pending is McDonald's motion to further reduce his sentence based on the reduced Sentencing Guidelines for crack cocaine offenses. For the following reasons, the motion will be denied.

I.   Background

On April 3, 1996, and October 9, 1997, McDonald was found guilty of possession with intent to distribute cocaine. Presentence Report ("PSR") at 7-8.[1]

---

[1] On June 27, 1996, McDonald was convicted of being disorderly in a public place. PSR at 8. In addition to his convictions, McDonald has four arrests, for crimes such as handgun possession, possession with intent to distribute a controlled dangerous substance, assault, battery, resisting arrest, malicious destruction, and trespass.

On October 26, 2005, McDonald was convicted by a jury of (1) possession of a firearm and ammunition by a convicted felon, (2) possession with intent to distribute cocaine base, (3) and possession of firearm in furtherance of a drug trafficking crime.

Butler was a career offender because of his two prior drug offenses, and he was in criminal history category VI. *Id.* at 9. The Court found that the PSR overstated McDonald's criminal history and departed downward three levels, sentencing McDonald, at offense level 34, criminal history category V, to 240 months imprisonment: 120 months on Count 1 and consecutive 60 month sentences on Counts 2 and Count 3. *See* ECF No. 44 (Judgment), Statement of Reasons. On December 14, 2009, the Court reduced McDonald's sentence to 188 months imprisonment based on retroactive changes to the Sentencing Guidelines. ECF No. 88.

McDonald's institutional adjustment has been difficult. On September 25, 2006, he was found in possession of an unauthorized item. SENTRY Report. On November 11, 2007, he refused to obey an order. *Id.* On April 28, 2009, he possessed a cell phone, refused to obey an order while running from officers, and was involved in an assault. *Id.* He has also been cited for being absent from a work assignment and being in an unauthorized area.

Effective November 1, 2011, Sentencing Commission Amendment 750 retroactively changed the Guidelines for crack cocaine offenses.  See U.S.S.G. Appendix C at 391-398 (2012); see also U.S.S.G. § 2D1.1(c) (2012).  On September 4, 2012, the Federal Public Defender requested a reduction in McDonald's sentence under 18 U.S.C. § 3582(c)(2) to 110 months.  On February 3, 2013, the government opposed the motion.  On April 12, 2013, McDonald replied.

II. Analysis

McDonald seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) states that a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may seek a reduction in sentence, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Sentencing Guidelines state that a reduction in sentence is permitted for crack cocaine under amendment 750.  See U.S.S.G. § 1B1.10(c) (2012).

Under 18 U.S.C. § 3582(c)(2), the Court may reduce a defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(2).  The Court considers the § 3553(a) factors, the nature and seriousness of the danger to any person or the

3

community by the reduction, and post-sentencing conduct, for (1) "whether a reduction in the defendant's term of imprisonment is warranted," and (2) "the extent of such reduction" under U.S.S.G. § 1B1.10(b). U.S.S.G. § 1B1.10 application note 1(B). In calculating the reduced sentence, the only modification made under the Guidelines is to the retroactively revised provisions; "all other guideline application decisions [are] unaffected." *Id.* § 1B1.10(b)(1). Whether to reduce a sentence is within the discretion of the District Court. *United States v. Stewart*, 595 F.3d 197, 200 (4th Cir. 2010). "The court is not required to reduce a defendant's sentence, even whe[n] the current sentence is above the amended guidelines range." *Id.*

One of the factors that the Court considers for a motion to reduce sentence is public safety. *See* 18 U.S.C. § 3553(a)(2)(C); U.S.S.G. § 1B1.10 application note 1(B). McDonald has multiple prior felony drug convictions and arrests. *See* PSR at 7-9. At trial in this case, McDonald was convicted of two serious firearms offenses. *See id.* at 9. McDonald has also engaged in violence and possessed contraband in prison. *See* SENTRY Report. McDonald's current sentence of 188 months adequately protects the public safety and reflects the seriousness of the offense, and McDonald's post-sentencing

conduct.[2]  Accordingly, the Court will not further reduce McDonald's sentence.

III. Conclusion

For the reasons stated above, McDonald's motion to reduce sentence will be denied.

_____4/15/13_____          _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge

---

[2] See 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.10 application note 1(B); United States v. Stewart, No. 12-7394, 2012 WL 5695258, at *1 (4th Cir. Nov. 16, 2012) (per curiam).